JAMES C. MILES V. THE STATE.

No. 20117.   Delivered January 25, 1938.

The opinion states the case.

*Harvey Lindsay* and *Jack Acrey,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, death.

On the 25th of June, 1937, prosecutrix, Miss Vyneta Boyles, who is a white woman, and W. H. Williams, a white man, had parked their automobile in the vicinity of Peacock Military Academy in the City of Dallas. They were listening to the radio when a negro man appeared from behind the car with a pistol in his hand and said: "All right, hands up." After they had obeyed his command he stepped on the running board of the car and directed prosecutrix to drive to a secluded spot a quarter of a mile away. At that point he robbed prosecutrix and her companion, while he kept them covered with his pistol. He then took from the car a flashlight and the ignition keys. After ordering Mr. Williams to remain in the car he handed the keys to prosecutrix and commanded her to follow him. She demurred and he placed the gun close to her head, saying: "It's no use to hold back. I will blow your brains out if you don't come with me." Forcing her away from the car at the point of the pistol, he required her to walk a quarter of a mile to a culvert, where he commanded her to remove her garments and lie down. She begged him to desist but he threatened to kill her unless she obeyed him. Being in fear of her life, she obeyed his command. Holding the pistol on her, he penetrated her person with his male organ. At this juncture we quote from her testimony, as follows:

"I permitted him to do that because he had a pistol pointed

at my head every minute. When we first got to the end of the culvert I asked him in the name of everything reasonable to reconsider, and I talked to him maybe ten minutes or longer. I asked him if he didn't have any decency; if he didn't have a mother or sister or anybody in the world that he would hate to see in such position. I talked to him about the consequences of such acts and he said he didn't care. Once in the middle of my conversation he put the gun up to my head and said: 'Shut up or I will blow your brains out.' I resisted to the extent of my ability, considering that he had the pistol."

While prosecutrix was away from the car Mr. Williams went to the Peacock Military School and had the police called. When prosecutrix returned to the car she drove directly home and had the police called. Upon the trial she positively identified appellant as her assailant.

The State introduced in evidence appellant's voluntary confession in which he admitted that he had forced prosecutrix to walk to the culvert and that there he had ravished her. The confession corroborated the testimony of prosecutrix. Appellant made no claim upon the trial that he had been in any manner mistreated by the officers when he made the confession. He entered a plea of guilty, but did not take the witness stand.

No exceptions were leveled at the charge of the court and no bills of exception are brought forward.

The evidence is amply sufficient to support the judgment of conviction.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.